**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00839-FDW**

| | | |
|---|---|---|
| **RAYFIELD TAYLOR,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **MECKLENBURG COUNTY** | ) | |
| **DETENTION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiffs' Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 3, 6].

## I. BACKGROUND

Pro se Plaintiff Rayfield Taylor ("Plaintiff") is a pretrial detainee currently housed at the Mecklenburg County Detention Center (the "Jail") in Charlotte, North Carolina. On October 5, 2026, he filed this action pursuant to 42 U.S.C. § 1983 against the Jail and Mecklenburg County Sheriff Garry McFadden. [Doc. 1 at 1, 3]. Plaintiffs allege as follows.

Sometime between May 25, 2026, and July 5, 2026, while Plaintiff was away from the Jail on a writ, some of Plaintiff's property, including an electronic tablet, some hygiene and commissary items, reading glasses, and legal documents pertaining to Plaintiff's "ongoing case" went missing. [Id. at 3].

On July 11, 2026, Plaintiff was scheduled to be transported to appear in court in Cabarrus County pursuant to a writ. [Id.]. Plaintiff explained to an officer that he wanted a complete inventory of his property completed in Plaintiff's presence given his previous property issues. [Id.

at 3-4]. Plaintiff was ordered back to his housing unit, and the Jail submitted a false document claiming Plaintiff refused to be transported for his Cabarrus County court date. Booking Supervisor T.S. Smith was the officer in charge. [Id. at 4].

On or about September 13, 2026, on being rehoused from Pod 3300 to Pod 5300, Sheriff's Office TRU Team officers confiscated all electronic tablets. [Id.]. Without electronic tablets, inmates are unable to receive mail using the required Maryland PO Box address. [Id.].

Plaintiff alleges violation of his First Amendment rights.[1] [Id. at 4]. Plaintiffs fail to allege having suffered any injury as a result of the alleged conduct. [See id., generally]. Plaintiff seeks monetary and injunctive relief. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

[1] The Court will address those claims fairly raised by the Complaint.

However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

A jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has not and cannot state a claim against Defendant Jail. The Court, therefore, will dismiss this Defendant with prejudice.

The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120–21 (1992) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978)).). That is, for a governmental entity to be responsible under § 1983, the official "policy or custom" must be "the moving force of the constitutional violation." Monell, 436 U.S. at 694.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

Because the Plaintiff does not allege that any official policy or custom was the moving force behind any constitutional violation and does not otherwise make any allegations against Defendant McFadden, Plaintiff has failed to state a claim for relief against Defendant MacFadden. The Court, therefore, will dismiss this Defendant.

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. "Meaningful access" does not entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim based on denial of access to the courts. That is, he has not alleged having suffered any injury from the alleged lost legal documents or the failure to transport him for his Cabarrus County court date. Moreover, while Plaintiff vaguely alleges that Officer Smith was the "officer in charge," Plaintiff does not name Smith as a Defendant. Nor does Plaintiff allege whether Smith was responsible for not transporting Plaintiff for his court date.

As a general matter, prisoners have the right to both send and receive mail. See Thornburgh

v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner applies to both convicted prisoners and pretrial detainees). For instance, prison officials may inspect an inmate's outgoing and incoming mail because such is reasonably related to legitimate penological interests. See generally Wolff v. McDonnell, 418 U.S. 539, 575 (1974); Turner v. Safley, 482 U.S. 78, 89 (1987); see also Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999) (opening and inspecting a prisoner's outgoing mail is, "[w]ithout question," reasonably related to legitimate penological interests); Matherly v. Andrews, 859 F.3d 264, 281 (4th Cir. 2017) (a "necessary implication" of Altizer is that prison officials may open and inspect a prisoner's incoming mail).

Isolated incidents of mail mishandling, however, do not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim based on mail interference. That is, Plaintiff alleges only that, on a single day, all electronic tablets were confiscated by TRU Team officers such that inmates were unable to receive mail. This isolated incident does not implicate Plaintiff's First Amendment rights. Moreover, Plaintiff failed to identify and name as Defendants the individuals allegedly responsible for confiscating the tablets, in any event, and Plaintiff does not

allege that he was impacted by the alleged confiscation. The Court, therefore, will dismiss Plaintiff's mail interference claim on initial review.

Plaintiff has also failed to state a due process claim based on the deprivation of his personal property because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). The Court, therefore, will dismiss this claim.

Nonetheless, the Court will allow Plaintiff(s) to amend the Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff(s) thirty (30) days to amend the Complaint to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff(s) fail to timely amend the Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for the failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend the Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Mecklenburg County Detention Center is hereby **DISMISSED WITH PREJUDICE** as a Defendant in this matter.

The Clerk is respectfully instructed to mail each Plaintiff a copy of this Order and a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 4, 2026

Frank D. Whitney
Senior United States District Judge